# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) |
| vs. | ) CRIMINAL CASE NO. CM1001-92 |
| | ) DECISION AND ORDER |
| CERILO P. PASIGNAHIN, | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to dismiss, filed July 10, 2013. Oral arguments were heard on September 6, 2013. Assistant Attorney General Brian Gallagher appeared on behalf of the Government and Assistant Public Defender Pablo Aglubat appeared with the Defendant. The Government did not file any written opposition to the motion. The parties declined to offer oral arguments. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

## DISCUSSION

In his Motion for Dismissal of the Complaint, Defendant cites *People v. Rasauo*, 2011 Guam 14 ¶ 14, and argues that, because Defendant was arraigned four months after the magistrate's complaint was filed, the case should be dismissed. Defendant is correct insofar as the general principle he states. Under Guam law, "unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *Rasauo*, 2011 Guam 14 ¶ 16. This rule applies "the statutory speedy trial time period delineated in 8 GCA § 80.60(a)(3)," to the prompt arraignment requirement delineated in 8 GCA § 60.10(a). *Id.*

However, the Guam Supreme Court also held: "[W]e emphasize that compliance with this new standard continues to require a case by case analysis of whether or not the 'specific circumstances' of any given case show good cause for delay beyond the 60 day period normally

required to comply with the law." *Id.* at ¶ 14. In this regard, Defendant fails to state any facts specific to his case which would purport to negate the existence of good cause for any delay beyond this 60-day period. Essentially, Defendant only addresses a portion of the analysis required by the Guam Supreme Court in *Rasauo*.

As to this type of deficiency, the Guam Supreme Court holds: "In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law". *Lamb v. Hoffman*, 2008 Guam 2 ¶ 35. The Court further held: "It is not sufficient for a party 'simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Id.*, *quoting Wilson v. Taylor*, 577 N.W.2d 100, 105 (Mich. 1998) (other internal citation omitted). Defendant here fails to articulate a complete argument that might otherwise be supported by *People v. Rasauo*, 2011 Guam 14 and, accordingly, this Court is rendered unable to determine the issue. Thus the motion is denied.

///

///

///

**CONCLUSION**

Based upon the foregoing, the Defendant's motion to dismiss is hereby DENIED; however, the Defendant is not precluded from filing another motion pursuant to *People v. Rasauo*, 2011 Guam 14 and which includes a sufficient factual recitation.

**SO ORDERED this** _2OTH_ **day of November, 2013.**

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the ~~original on file~~ in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

NOV 2 0 2013

*Enrique F. Aflague, Jr.*
Deputy Clerk, Superior Court of Guam